IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROSE MARY MILLER,                    §
                                     §
            Plaintiff,               §
                                     §
V.                                   §          No. 3:11-cv-2786-L-BN
                                     §
CITIMORTGAGE, INC.                   §
                                     §
            Defendant.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for determination of Defendant's Motion to Dismiss [Dkt. No. 26] pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. *See* Dkt. No. 30. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

In January 1998, Plaintiff Rose Mary Miller bought a home located in Fort Worth, Texas (the "Property"). To finance the purchase of the Property, Plaintiff signed a promissory note ("Note") in the amount of $74,500, which was secured by a deed of trust pledging her interest in the Property as security ("Deed of Trust"). The original holders of the Note and Deed of Trust were Michael and Patricia Balloun. *See* Dkt. No. 22 at 1-2.

In the spring of 2009, Plaintiff became ill, and her income was drastically reduced. *See id.* at 2. About that same time, Defendant CitiMortgage, Inc., who claims

to have acquired the servicing rights in the Note and Deed of Trust, sent Plaintiff information about the federal Home Affordable Modification Program ("HAMP"), which allows homeowners to receive income-based mortgage modifications. *See id.* Plaintiff contacted Tracy Carter in Defendant's mortgage department, and Ms. Carter sent Plaintiff the paperwork to start the application process and told her that she was qualified and would receive a HAMP modification if she completed and returned the documentation timely. *See id.* at 2-3. Plaintiff did so. *See id.* at 3.

However, after two months of phone calls between Plaintiff, Ms. Carter, and other Defendant representatives, Defendant acknowledged that it had misplaced Plaintiff's application due to turnover in the modification workout department and told Plaintiff that she would have to start the application process over. *See id.* Plaintiff again submitted all requested documentation. *See id.* Thereafter, Ms. Carter contacted Plaintiff no less than five times claiming that Defendant had not received some of the necessary documents, and each time Plaintiff sent another copy. *See id.*

Plaintiff's modification was approved in October 2010 ("First Modification"), and her monthly payments were reduced to $830.57. *See id.* Oral representations of this First Modification were "followed up by paperwork indicating the same." *Id.* Plaintiff believes that she made seven monthly payments for a total of $5,813.99, but Defendant's ledger shows payment for only five of those seven months. *See id.* at 3-4. In March 2010, Defendant informed Plaintiff that it would no longer honor the First Modification because of late payments or failure to receive payments. *See id.* at 4.

Plaintiff hired Eugene Jackson of Capital Sources to assist her and paid him

$1,500. *See id.* at 4. Mr. Jackson determined that Plaintiff's First Modification was denied due to improper internal communications between Defendant's departments and Defendant's failure to complete a tax form. *See id.* After this was brought to Defendant's attention, Defendant reinstated Plaintiff's HAMP application. *See id.*

In February 2011, Beverly Knight, Defendant's case manager handling Plaintiff's application, orally offered Plaintiff another modification ("Second Modification") in which her monthly payments would be $851.00, but Ms. Knight never followed up with written documentation. *See id.* at 5. Nevertheless, Plaintiff made two monthly payments under the Second Modification, which Defendant accepted, deposited, and credited to Plaintiff's account. *See id.*

On April 11, 2011, Defendant sent Plaintiff a Notice of Default and Acceleration, in which it claimed the amount owed on the Note was $148,646.54, and a Notice of Substitute Trustee Sale. *See id.* at 6. Plaintiff was not given an opportunity to cure or informed of her rights to bring a court action asserting that there was no default, to reinstate after acceleration, or to raise any other defenses. *See id.* Plaintiff hired Ameridream, a mortgage assistance company, and paid them $3,500 in an attempt to stop foreclosure. *See id.* at 5. Defendant did not respond to Ameridream's request for documents. *See id.*

Defendant foreclosed on the Property on May 3, 2011 and purchased the Property for $54,089.41, the remaining balance due on the Note. *See id.* at 6.

On September 15, 2011, Plaintiff sued Defendant in the 134th District Court of Dallas County, Texas. *See* Dkt. No. 1-2 at 3. On October 11, 2011, Defendant removed

-3-

the case to this court on the basis of federal question jurisdiction or, in the alternative, diversity jurisdiction. *See* Dkt. No. 1. Plaintiff filed her First Amended Complaint and Jury Demand on December 17, 2012, *see* Dkt. No. 22, and Defendant filed its Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") on January 17, 2013, *see* Dkt. No. 26.

The undersigned now concludes that Defendant's Motion to Dismiss should be granted in part and denied in part.

### Legal standards

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.* A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

## Analysis

In her First Amended Complaint, Plaintiff asserts claims for breach of contract, negligent misrepresentation, fraud/fraudulent inducement, violations of the Texas Deceptive Trade Practices Act ("DTPA"), negligence, promissory estoppel, unjust enrichment/quantum meruit, trespass to personalty, suit to remove cloud from title, wrongful foreclosure, and trespass to try title. Plaintiff seeks declaratory and equitable relief as well as actual and punitive damages, pre- and post-judgment interest, and court costs. *See* Dkt. No. 22.

In its Motion to Dismiss, Defendant argues that all of Plaintiff's claims are fatally flawed. It argues that Plaintiff's tort claims and unjust enrichment/quantum meruit claims are barred by the economic loss rule and that Plaintiff's tort claims, breach of contract claim, and promissory estoppel claim are barred by the statue of frauds. Defendant also asserts that, even assuming the factual allegations in Plaintiff's First Amended Complaint are true, Plaintiff has failed to state any claim upon which

relief can be granted. *See* Dkt. Nos. 26 & 27.

I.

Plaintiff's breach of contract claim should be dismissed in part.

Defendant asserts that Plaintiff fails to state a breach of contract claim and that Plaintiff's breach of contract claim is barred as a matter of law by the statute of frauds. The essential elements of a breach of contract claim in Texas are: "'(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App. – Houston [14th] 2005, pet. denied)). Plaintiff bases her breach of contract claim on an alleged breach of the Deed of Trust and breach of the promise to modify and of the terms of the modification. *See* Dkt. No. 22 at 6-7; Dkt. No. 28 at 16.

Plaintiff alleges that Defendant breached the Deed of Trust's provisions when it failed to provide notice of the rights to reinstate and to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale. *See* Dkt. No. 22 at 5-7; Dkt. No. 28 at 17. As a result, Plaintiff alleges that she suffered damages in the form of debt counseling, mortgage assistance, and attorneys' fees. *See* Dkt. No. 22 at 5-7; Dkt. No. 28 at 17. Despite Defendant's assertion that Plaintiff fails to identify any resulting damages from the alleged breach or that she could have reinstated the loan or challenged her default to prevent her alleged damages, these alleged facts are sufficient to plead a claim for breach of the Deed of Trust and survive

a Rule 12(b)(6) challenge.

Defendant also relies on the fact that Plaintiff has not even alleged that she made all timely payments and that this alleged material breach prevents Plaintiff from maintaining a breach of contract claim. *See Thomas v. EMC Mortg. Corp.*, No. 12-10143, 2012 WL 5984943, at *2 (5th Cir. Nov. 30, 2012); *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990). However, the contractual terms that Plaintiff alleges were breached, *see* Dkt. No. 22 at 6-7, are terms that would come into effect if the lender claims a default and pursues acceleration, such as when, for example, the borrower fails to make payments. Put another way, the allegedly required "notices at issue presuppose that the recipient is in breach of her contractual obligations. Failure to provide the required notice is nonetheless actionable." *Gatling v. CitiMortgage, Inc.*, No. H-11-2879, 2013 WL 1625126, at *6 (S.D. Tex. Apr. 15, 2013). That is because "[t]he issue is whether Plaintiff can maintain a cause of action for [Defendant's] breach of its obligations under the [Deed of Trust], even though Plaintiff did not tender full performance. It is illogical for the Court to conclude that Plaintiff cannot enforce [Defendant's] obligations, assumed to be contractual, which arise after Plaintiff's default merely because Plaintiff is in default. If that were appropriate, then the [alleged contractual notice provisions] would become practically meaningless." *Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-cv-1174-M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011).

Plaintiff also alleges Defendant breached its promise to modify, although, in her response to the motion to dismiss, Plaintiff clarifies that she "does not contend that her

oral discussions with Defendant regarding the modification ever culminated into an oral agreement." Dkt. No. 28 at 16. Plaintiff alleges that Defendant offered Plaintiff a modification, which Plaintiff accepted and performed under by making payments under both the First and Second Modification. Plaintiff alleges Defendant breached its promise to modify by accepting payments and then claiming there was no modification. As a result, she suffered damages in the form of debt counseling, mortgage assistance, and attorneys' fees.

Defendant asserts that the statute of frauds bars Plaintiff's claims that it breached a promise to modify. Under Texas law, a "loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. COM. CODE § 26.02(b). The term "loan agreement" includes any agreement or promise where a financial institution "loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." *Id.* § 26.02(a)(2). An agreement to modify a loan, such as Plaintiff has alleged, is subject to the statute of frauds. *See Rhodes v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2347-L, 2012 WL 5363424, at *15-*16 (N.D. Tex. Oct. 31, 2012). And Plaintiff's efforts to distinguish the alleged promise to modify from an actual oral agreement to modify the existing loan, *see* Dkt. No. 28 at 15-16, do not change the fact that any alleged oral promise to modify is still subject to the statute of frauds. *See Berry v. Federal Nat. Mortg. Ass'n*, No. 3:11-cv-1288-L, 2013 WL 1294008, at *7 (N.D. Tex. Mar. 29, 2013);

*Rhodes*, 2012 WL 5363424, at \*16; *Obuekwe v. Bank of Am., N.A.,* No. 4:11-cv-762-Y, 2012 WL 1388017, at \*5 (N.D. Tex. Apr. 19, 2012).

In response, Plaintiff relies on the promissory estoppel exception to the statute of frauds. "Promissory estoppel is a narrow exception to the statute of frauds." *Trammel Crow Co. v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997). To establish promissory estoppel, a plaintiff must establish: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promisee. *See Metropolitan Life Ins. Co. v. Haden & Co.*, 158 F.3d 584, 584 (5th Cir. 1998) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). To invoke promissory estoppel, the promisee must show that the promisor promised to sign a written agreement that complied with the statute of frauds. *See Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982). Moreover, the agreement which was the subject of the oral promise must be in writing at the time the oral promise to sign was made. *Id.*

The undersigned concludes that the promise to modify was covered by the statute of frauds and that the promissory estoppel exception does not apply. The amount due on the Note when Plaintiff sought to modify her mortgage payments was in excess of $50,000. *See* Dkt. No. 22 at 6 (alleging that the remaining balance on the Note was $54,089.41). Plaintiff alleges that the First Modification "was followed up by paperwork" but does not allege there was a written modification contract, and she admits that the Second Modification was never reduced to writing. *See id.* at 3, 5. Furthermore, Plaintiff does not allege that Defendant promised to sign an existing written agreement memorializing the promise to modify. *See Nagle*, 633 S.W.2d at 800;

*accord Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010). But "[i]t is the promise to sign a written agreement or enter into a written agreement that is determinative." *Rhodes*, 2012 WL 5363424, at *18. Plaintiff has not alleged facts that are sufficient to plead a claim for breach of a promise to modify.

Finally, Plaintiff has alleged a claim for Defendant's "breach[ing] the terms of the [First Modification] by failing to accept Plaintiff's payments." Dkt. No. 22 at 7. But, again, because the First Modification "was oral and never reduced to writing" – or, for these purposes, even alleged to have been reduced to writing or subject to a promise to sign an existing written agreement memorializing the modification – "it is unenforceable." *Rhodes*, 2012 WL 5363424, at *16.

This theory of a breach claim therefore fails as a matter of law based on Plaintiff's own allegations, and Plaintiff's claim that Defendant breached its promise to modify should be dismissed with prejudice.

## II.

Plaintiff's promissory estoppel claim should be dismissed with prejudice.

Although normally a defensive theory, promissory estoppel is also available as a cause of action to a promisee who has reasonably relied to her detriment on an otherwise unenforceable promise. *See Gold Kist, Inc. v. Carr*, 886 S.W.2d 425, 431 (Tex. App. – Eastland 1994, pet. denied); *Kelly v. Rio Grande Computerland Grp.*, 128 S.W.3d 759, 769 (Tex. App. – El Paso 2004, no pet.). To establish a promissory estoppel claim, "the promise must be a promise to sign an already existing written agreement that would itself satisfy the statute of frauds." *George-Baunchand v. Wells Fargo Home*

*Mortg., Inc.*, No. H-10-3828, 2011 WL 6250785, at *8 (S.D. Tex. Dec. 14, 2011) (citing

*Nagle,* 633 S.W.2d at 800). As explained above, there are no allegations that Defendant

promised to sign an existing written agreement to modify – and Plaintiff does not even

suggest that there are, *see, e.g.*, Dkt. No. 28 at 22-23 – and this alleged cause of action

therefore fails as a matter of law based on Plaintiff's own allegations, *see Gordon v.*

*JPMorgan Chase Bank, N.A.*, No. 12-20323, 2013 WL 49587, at *4-*5 (5th Cir. Jan. 3,

2013); *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 761 (N.D. Tex.

2012).

III.

Plaintiff's fraud/fraudulent inducement claim should be dismissed without

prejudice.

Defendant asserts that Plaintiff fails to state a claim for fraud or fraudulent

inducement. The elements of fraud in Texas are (1) the defendant made a

representation to the plaintiff; (2) the representation was material; (3) the

representation was false; (4) when the defendant made the representation the

defendant knew it was false or made the representation recklessly and without

knowledge of its truth; (5) the defendant made the representation with the intent that

the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the

representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint*

*Stock Co., Ltd. v. Potter,* 607 F.3d 1029, 1032-33 (5th Cir. 2010) (citing *Ernst & Young,*

*L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Fraudulent

inducement "'is a particular species of fraud that arises only in the context of a contract

-11-

and requires the existence of a contract as part of its proof. That is, with a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties.'" *Bohnsack v. Varco, LP*, 668 F.3d 262, 277 (5th Cir. 2012) (quoting *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001)).

Fraud and fraudulent inducement claims are subject to Fed. R. Civ. P. 9(b)'s heightened pleading requirement, which requires plaintiffs who allege fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To comply with Rule 9(b), the plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

Plaintiff alleges that Defendant repeatedly misled her with false information regarding the possibility of obtaining a loan modification and about her eligibility for the loan modification and that she relied on these representations to her detriment and suffered damages. While Plaintiff supplies the names of two of the Defendant's representatives with whom she communicated and gives general dates (such as the spring of 2009), her vague allegations as to the who, what, when, where, and why – including her conclusory explanation that Defendant's representations were fraudulent because Defendant never intended to grant Plaintiff a modification or to honor its promises – are not sufficient to plead a claim of fraud or fraudulent inducement with the particularity that Rule 9(b) requires. *Compare Maisa Prop., Inc. v. Cathay Bank*, No. 4:12-cv-66-A, 2012 WL 1563938, at *3 (N.D. Tex. May 2, 2012). Plaintiff's assertion

that the alleged "fraud was continuing and systematic" does not excuse her pleading deficiencies, Dkt. No. 28 at 19, because, even if such an allegation could relieve her of alleging specific details of <u>every</u> alleged fraudulent claim, at the least, she still "must provide some representative examples of [Defendant's] alleged fraudulent conduct, specifying the time, place, and content of its acts and the identity of the actors," *Griggs v. Credit Solutions of Am., Inc.*, No. 3:10-cv-1291-D, 2010 WL 2976209, at *3 (N.D. Tex. July 28, 2010). The undersigned recommends that the Court allow Plaintiff an opportunity to cure these deficiencies and replead her claim with greater particularity, including as to the element of justifiable reliance. *See, e.g.*, *Marquez v. Federal Nat. Mortg. Ass'n*, No. 3:10-cv-2040-L, 2011 WL 3714623, at *8 (N.D. Tex. Aug. 23, 2011).

Defendant also argues that Plaintiff's fraud claim fail as a matter of law based on the rule that a fraud claim cannot be premised on a promise that is so indefinite or vague that no reasonable person would justifiably rely on it. *See Gilmartin v. KVTV-Channel 13*, 985 S.W.2d 553, 558 (Tex. App. – San Antonio 1998, no writ). However, Defendant's argument is premised on particular details of the allegedly promised modification that Plaintiff has not pled, not that Plaintiff cannot possibly plead. *See* Dkt. No. 27 at 20. Because the undersigned recommends allowing Plaintiff a chance to replead with greater particularity, dismissal with prejudice on this basis would be premature at this point.

Defendant further argues that all of Plaintiff's tort claims, including her claim of fraud/fraudulent inducement, are barred as a matter of law by the economic loss rule because they are based on Defendant's alleged conduct in servicing the Loan, which is

governed by written contracts – the Note, Deed of Trust, and alleged First Modification. Under Texas law, if a tort claim arises solely from the parties' contractual relationship, the tort claim is not allowed. *See DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625-26 (N.D. Tex. 2011). Thus, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007) (citing *Sw. Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991)). "That is, 'a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim.'" *McDaniel v. JPMorgan Chase Bank, N.A.*, No. 1:12-cv-392, 2012 WL 6114944, at *7 (E.D. Tex. Dec. 10, 2012) (quoting *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 796 (Tex. App. – Houston [1st Dist.] 2007, pet. denied)). "Thus, the rule restricts contracting parties to contractual remedies for economic losses associated with their relationship, 'even when the breach might be reasonably viewed as a consequence of a contracting party's negligence.'" *Id.* (quoting *Lamar Homes, Inc.*, 242 S.W.3d at 13).

"The focus of the rule is on determining whether the injury is to the subject of the contract itself." *Id.* (internal quotation marks omitted). "In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: (1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and (2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Corp., Inc.*, No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics*

*Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998));
*see also DeLanney*, 809 S.W.2d at 494-95. The burden is on the plaintiff to establish
evidence of an independent injury. *See McDaniel*, 2012 WL 6114944, at *7 (citing *Esty
v. Beal*, 298 S.W.3d 298, 302 (Tex. App. – Dallas 2009, no pet.)).

However, the Texas Supreme Court has stated that fraudulent inducement
claims are not subject to the economic loss rule. *See Formosa Plastics Corp. USA,* 960
S.W.2d at 47 ("[T]ort damages are recoverable for a fraudulent inducement claim
irrespective of whether the fraudulent representations are later subsumed in a
contract or whether the plaintiff only suffers an economic loss related to the subject
matter of the contract."); *accord Sharyland Water Supply Corp. v. City of Alton*, 354
S.W.3d 407, 417 (Tex. 2011). And, further, Defendant does not address relevant case
law holding that the economic loss rule does not bar fraud claims in addition to claims
for fraudulent inducement. *See Hurd*, 880 F. Supp. 2d at 764-65 (collecting cases).

Because the undersigned concludes that Plaintiff's claim should be dismissed
with the right to replead for the separate reasons stated above, the Court need not
definitively determine whether allegations sounding in a theory of fraudulent
misrepresentation rather than a claim for fraudulent inducement would be barred by
the economic loss doctrine. This is particularly so where Plaintiff's own pleading does
not separate her fraudulent inducement claim from any fraud claim. *See* Dkt. No. 22
at 9-11; *see also* Dkt. No. 28 at 13, 17-19. But Plaintiff should be warned that any claim
that sounds as fraudulent misrepresentation, as opposed to fraudulent inducement,
may, depending on what Plaintiffs allege, be barred by the economic loss doctrine. *See*

*Rhodes*, 2012 WL 5363424, at *29-*30.

Defendant also asserts that all of Plaintiff's tort claims, including her claim for fraud/fraudulent inducement, are barred as a matter of law by the statute of frauds. Generally, under Texas law, a plaintiff may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds. *See Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 470 (5th Cir. 2002) (citing *Haase,* 62 S.W.3d at 799)). As discussed above in connection with Plaintiff's breach of contract claims, any agreement to modify was subject to the statute of frauds. To the extent that a plaintiff's tort claim seeks out-of-pocket damages incurred by relying upon a defendant's misrepresentations, however, those damages are not part of the benefit of any bargain between the parties and might be recoverable without contravening the statute of frauds. *See Hugh Symons*, 292 F.3d at 470; *Haase*, 62 S.W.3d at 799-800.

IV.

Plaintiff's negligence claim should be dismissed with prejudice.

Defendant argues that Plaintiff's negligence claim must be dismissed because Defendant owed Plaintiff no duty. The undersigned agrees. The elements of a negligence claim are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); *Nabors Drilling, USA, Inc. v. Escoto.* 288 S.W.3d 401, 404 (Tex. 2009). In the mortgage context, there is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common law duty on Defendant. *See Thigpen v. Locke,* 363 S.W.2d 247,

-16-

253 (Tex. 1962) (finding no fiduciary relationship between a banker who made personal loans and took interest in the business and the borrower); *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.,* 176 S.W.3d 595, 613-15 (Tex. App. – Corpus Christi 2005, pet. denied) (holding mortgagor did not owe mortgagee a duty in negligence for conduct relating to the foreclosure sale because the deed of trust governs the duties of the parties); *Fraley v. BAC Home Loans Servicing, LP*, No. 3:11-cv-1060-N-BK, 2012 WL 779130, at *8 (N.D. Tex. Jan. 10, 2012) (dismissing gross negligence claim because, "as mortgagor, Defendants did not owe a legal duty to Plaintiff") (citation omitted)*, adopted by* 2012 WL 779654 (N.D. Tex. Mar. 9, 2012). Even if taken as true, Plaintiff's allegations fail to state a negligence claim as a matter of law because she does not allege facts showing Defendant owed her a legal duty that would support a negligence claim separate from her negligent misrepresentation claim. *See* Dkt. No. 28 at 12 (acknowledging that "Plaintiff's negligence and negligent misrepresentation claims are based on substantially the same allegations"). All of Plaintiff's arguments and allegations are directed to duties regarding allegedly false or misleading statements. Plaintiff's own response makes little to no effort to assert otherwise. *See id.* at 21. Accordingly, Plaintiff's negligence claim fails as a matter of law.

V.

Plaintiff's negligent misrepresentation claim should be dismissed with prejudice.

Defendant argues that Plaintiff fails to state a claim for negligent misrepresentation. A claim for negligent representation under Texas law consists of four elements: (1) the defendant made a representation in the course of his business,

or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005); *see also Nazareth Int'l Inc. v. J.C. Penney Co.*, 287 S.W.3d 452, 460 (Tex. App. – Dallas 2009, pet. denied). The misrepresentation "must be one of existing fact, not a promise of future conduct." *Alexander v. Grand Prairie Ford, L.P.*, No. 3:02-cv-1561-K, 2007 WL 1576260, at *6 (N.D. Tex. May 31, 2007); *accord Nunn, Yoest, Principals & Assocs., Inc. v. Union Pac. Corp.*, 69 F. App'x 658, 2003 WL 21356004, at *2 (5th Cir. May 23, 2003); *New York life Ins. Co. v. Miller*, 114 S.W.3d 114, 125 (Tex. App. – Austin 2003, no pet.). A promise to do or refrain from doing an act in the future is not actionable because it does not contain an existing fact. *Alexander*, 2007 WL 1576260, at *6.

Tthe factual allegations underlying Plaintiff's negligent misrepresentation and fraud claims are the same. *Compare* Dkt. No. 22 at 7-9 (negligent misrepresentation); Dkt. No. 28 at 13-15 (same), *with* Dkt. No. 22 at 9-11 (fraud); Dkt. No. 28 at 11-13 (same). Rule 9(b)'s heightened pleading requirements therefore apply to the negligent misrepresentation claim. *See Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003).

In her Complaint, Plaintiff alleges that Defendant negligently represented that it owned the Note; that she pre-qualified and was eligible for a loan modification; that she failed to provide adequate documentation for a loan modification; that Defendant

would accept modified payment amounts; and that, if Plaintiff sent in the modified payments for certain months, she would qualify for a new modification, and Plaintiff alleges that she relied on these alleged misrepresentations to her detriment. Dkt. No. 22 at 9. As a result, she hired debt counseling services and attorneys, suffered other damages, including out-of-pocket damages, and experienced foreclosure. Taken as true, Plaintiff's allegations could plausibly entitle her to relief, and, contrary to one of Defendant's arguments for dismissal, many of these allegations are statements of existing fact.

However, although Plaintiff's negligent misrepresentation claim is pleaded with greater particularity than her fraud/fraudulent inducement claim, her allegations still fall short of Rule 9(b)'s requirements because she has not fully pleaded the who, what, when, where, and why as to each of the specified negligent misrepresentations alleged in her complaint.

Defendant also contends that Plaintiff's negligent misrepresentation claim is barred as a matter of law by the statute of frauds. However, the statute of frauds does not bar a claim for negligent misrepresentation to the extent a party seeks to recover reliance or out-of-pocket damages – as Plaintiff does here, *see* Dkt. No. 22 at 9 – because such damages are not part of the benefit of the alleged bargain between the parties. *See Hugh Symons*, 292 F.3d at 470; *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 557 (Tex. App. – Dallas 2009, pet. dism'd w.o.j.); *cf. Haase*, 62 S.W.3d at 799-800.

Defendant also contends that Plaintiff's negligent misrepresentation claim is barred as a matter of law by the economic loss rule. The rule is applicable to a claim

for negligent misrepresentation in Texas. *See D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663-64 (Tex. 1998); *accord Berry v. Federal Nat. Mortg. Ass'n*, No. 3:11-cv-1288-L, 2013 WL 1294008, at *16-*17 (N.D. Tex. Mar. 29, 2013). Despite the nonexistence under Texas law of a duty between a mortgage servicer and borrower, or a lender and borrower, *see* § V *above,* Texas courts have held that there is always a duty to correct one's own prior false or misleading statement. *See Hurd*, 880 F. Supp. 2d at 763 (citations omitted). Likewise, the Texas Supreme Court has approved a claim that a "bank has a duty to use reasonable care whenever it provides information to its customers or potential customers." *Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

However, even if Plaintiff's claim is for breach of a duty imposed by law and not only created by contract, in determining whether a tort claim is merely a repackaged breach of contract claim, the Court must also consider "whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus.*, 2006 WL 2432309, at *5. "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone." *DeLanney*, 809 S.W.2d at 417 (internal quotation marks omitted). The economic-loss doctrine bars recovery on a tort claim for "economic damages recoverable under a breach of contract claim." *Sterling Chems.*, *Inc. v. Texaco Inc.*, 259 S.W.3d 793, 796 (Tex. App. – Houston [1st Dist.] 2007, pet. denied).; *accord Smith v. JPMorgan Chase Bank, N.A.*, No. 12-40816, 2013 WL 1165218, at *3 (5th Cir. Mar. 22, 2013).

Plaintiff claims that Defendant made false and misleading representations to her without exercising reasonable care and competence. If these allegations are true, the Defendant may have had a duty to correct what it had represented to Plaintiff. Moreover, Plaintiff alleges she relied on the alleged representations to her detriment, resulting in her hiring debt counseling services and an attorney and suffering other damages, including out-of-pocket expenses. Because she seeks out-of-pocket expenses incurred in reliance on the alleged representations, Plaintiff argues that the injury alleged is over and above the economic loss to the subject matter of the Note and Deed of Trust and is sufficient to avoid dismissal at this stage of the proceedings.

But, based on Plaintiff's specifically pleaded damages for this claim, she is seeking by this tort claim recovery of economic damages that are recoverable under a breach of contract claim – indeed, the same damages she seeks through her claim for breach of the Deed of Trust. *See* Dkt. No. 22 at 5-7, 9; Dkt. No. 28 at 17; *accord New Century Fin., Inc. v. Olympic Credit Fund, Inc.*, 487 F. App'x 912, 915-16 (5th Cir. 2012). And her pleading mental anguish damages cannot save this claim from dismissal with prejudice because "these damages do not appear to be the type of 'out-of-pocket' damages contemplated by Texas courts that may allow recovery without contravening the statute of frauds." *Berry*, 2013 WL 1294008, at *17.

For this reason, Plaintiff's negligent misrepresentation claim fails as a matter of law, and there is no reason to grant Plaintiff leave to replead this claim.

VI.

Plaintiff's DTPA claim should be dismissed with prejudice.

-21-

Defendant argues that Plaintiff fails to state a claim under the DTPA because she is not a "consumer" as defined by the DTPA. The elements of a cause of action under the DTPA are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE § 17.50(a)(1)). To qualify as a consumer, "a person must have sought or acquired goods or services by purchase or lease" and "the goods and services purchased or leased must form the basis of the complaint." TEX. BUS. & COM. CODE § 17.45(4)*; Cameron v. Terrell & Garrett, Inc.* 618 S.W.2d 535, 539 (Tex. 1981).

Since the lending of money is not a good or service, a borrower whose sole objective is to get a loan does not become a consumer under the DTPA. *See Walker v. Fed. Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992) (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980)). Moreover, "[a]lthough one who borrows money to buy a house can be a consumer under the DTPA because that person's objective is to buy a home, subsequent actions related to mortgage accounts – for example, extensions of further credit or modifications of the original loan – do not satisfy the 'goods and services' element of the DTPA." *Swim v. Bank of Am., N.A.*, No. 3:11-cv-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012).

Here, Plaintiff's allegations all relate to subsequent actions related to her mortgage loan and to allegations regarding modifications to that loan and not to the house itself for which she sought the loan. *See* Dkt. No. 22. Plaintiff's arguments that

-22-

she qualifies as a consumer because Defendant provided her services in connection with the modification that she sought – and, further, that she could replead to allege that she purchased services in form of the First Modification – have been persuasively rejected as matter of law by Judge Rosenthal in the Southern District of Texas, and the undersigned adopts the reasoning in that decision here. *See, e.g., Carrillo v. Bank of Am., N.A.*, No. H-12-3096, 2013 WL 1558320, at *6-*7 (S.D. Tex. Apr. 11, 2013). In short, "[b]ecause any alleged DTPA claim by Plaintiff[] arises out of [her] home mortgage loan, Defendant['s] servicing of the loan, or Plaintiff['s] new contention regarding a requested modification of [her] home loan and does not involve the purchase or lease of goods or services, [Plaintiff does] not qualify as [a] consumer[] for purposes of the DTPA." *Preston v. Seterus, Inc.*, No. 3:12-cv-2395-L, ___ F. Supp. 2d ___, 2013 WL 1091272, at *24 (N.D. Tex. Mar. 15, 2013). Accordingly, Plaintiff is not a consumer under the DTPA. *See Walker*, 970 F.2d at 123; *Olufemi-Jones v. Bank of Am., N.A.*, No. 3:12-cv-3428-L, 2013 WL 1482544, at *2 (N.D. Tex. Apr. 10, 2013).

## VII.

Plaintiff's quantum meruit claim should be dismissed with prejudice.[1]

---

[1] Despite a stray reference to a "claim for unjust enrichment" in Plaintiff's response, Dkt. No. 28 at 24, Plaintiff does not appear to plead a claim for unjust enrichment separate from her quantum meruit claim, *see* Dkt. No. 22 at 12-13; Dkt. No. 28 at 13-14, 24-25. The Court, therefore, need not address whether Texas law recognizes unjust enrichment as a stand-alone cause of action. *Compare Merryman v. JPMorgan Chase & Co.*, No. 3:12-cv-2156-M-BH, 2013 WL 497883, at *6 (N.D. Tex. Jan. 16, 2013), *rec. adopted*, 2013 WL 500511 (N.D. Tex. Feb. 11, 2013), *with Chapman v. Commonwealth Land Title Ins. Co.*, 814 F. Supp. 2d 716, 724-25 (N.D. Tex. 2011); *Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 560-61 (N.D. Tex. 2009).

Quantum meruit is a theory of recovery based on principles of unjust enrichment. *See Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985). The elements of quantum meruit are that (1) plaintiff rendered valuable services or materials; (2) the services were rendered to the defendant; (3) the defendant accepted, used, and enjoyed the services and materials; and (4) the circumstances reasonably notified the defendant that the plaintiff expected compensation for the services or materials. *See id.* (quoting *City of Ingleside v. Stewart*, 554 S.W.2d 939, 943 (Tex. Civ. App. – Corpus Christi 1997, writ ref'd n.r.e.).

Quantum meruit "is an independent cause of action that allows recovery when there is no express contract covering the services rendered." *Nart v. Open Text Corp.*, No. A-10-CA-870-LY, 2011 WL 3844216, at *4 (W.D. Tex. Aug. 29, 2011) (citing *Fortune Prod. Co. v. Conoco, Inc,* 52 S.W.3d 671, 683-84 (Tex. 2000)). "Nevertheless, a party to a contract may seek alternative relief under both contract and quasi-contract theories." *Woodcock v. Chase Home Fin., LLC*, No. H-11-1199, 2012 WL 393260, at *3 (S.D. Tex. Feb. 3, 2012) (citing *In re Kellogg Brown & Root Inc.*, 166 S.W.3d 732, 740 (Tex. 2005)); *see also Tatum v. Tatum*, 606 S.W.2d 31, 33 (Tex. App. – Corpus Christi 1980, writ ref'd n.r.e.) ("[T]here certainly is nothing to prevent plaintiff from pleading alternative theories of express contract and quantum meruit.").

Although Plaintiff's complaint does not use express "in the alternative" language, *see* Dkt. No. 22 at 12-13, Plaintiff asserts that she has pled quantum meruit as an alternative claim in case the court or fact-finder determines no agreement existed pursuant to the modification agreements, *see* Dkt. No. 28 at 13-14, 24-25. She

alleges that Defendant was unjustly enriched when it collected modification payments from Plaintiff, which it did not honor, thus costing her not only the lost payments, but also out-of-pocket damages as well. *See id.*

Plaintiff's quantum meruit claim fails as a matter of law, however, and would do so even if she had not pleaded an express contract. Plaintiff asserts that Defendant unjustly benefitted from her payments under the First Modification, but, even if Plaintiff made the payments believing that, by doing so, she would lock in the loan modification and corresponding lower payment requirements, Plaintiff fails to plead that she provided a benefit to Defendant to which it was not already entitled – specifically, payments under the mortgage loan and, where Plaintiff failed to make the required payments, foreclosure pursuant to the Deed of Trust that Plaintiff admits was a valid contract. As such, Plaintiff cannot plausibly recover on this claim. *See Bennington v. HBC Bank USA, Nat. Ass'n*, No. A-10-CA-785-LY, 2011 WL 6739609, at *11 (W.D. Tex. Dec. 22, 2011).

VIII.

Plaintiff's trespass to personalty claim should be dismissed with prejudice.

To recover for trespass to personalty, Plaintiff must prove that Defendant, with or without the use of force, unlawfully injured or interfered with the possession Plaintiff's personal property. *See Mountain States Tel. & Tel. Co. v. Vowel Const. Co.*, 161 Tex. 432, 436, 341 S.W.2d 148, 150 (1960). Plaintiff makes no allegations that Defendant injured or interfered with her possession of personal property. And she makes no real effort to defend this claim in her response. *See* Dkt. No. 28 at 23.

IX.

Plaintiff's suit to quiet title, trespass to try title, and slander of title claims should be dismissed with prejudice.

A suit to quiet title, also known as a suit to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App. – Houston [1st Dist.] 2011, no pet.). Such a suit exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Out,* 606 S.W.2d 942, 952 (Tex. Civ. App. – Waco 1980, writ ref'd n.r.e.) (quoting *Thompson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). In order to prevail on a claim to quiet title, a plaintiff must show that: (1) she has an interest in a specific property; (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-837-CV, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] Dec. 30, 2011, no pet.) (citations omitted). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). The plaintiff must recover on the strength of her own title, not on the weakness of her adversary's title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." TEX. PROP. CODE § 22.001. "In general, the action

of trespass to try title suit is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *See Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex. App. – Corpus Christ 1978, no writ) (citing TEX. R. CIV. P. 783). To prevail on a trespass to try title claim, a plaintiff must "usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Merman,* 133 S.W.3d 262, 265 (Tex. 2004). As with a suit to quiet title, "the plaintiff must recover upon the strength of his own title and not the weakness of the defendant's title." *Rocha*, 574 S.W.2d at 235 (citing *Hejl v. Wirth*, 161 Tex. 609, 610, 343 S.W.2d 226, 227 (1961); *Kauffman v. Shellworth*, 64 Tex. 179 (1885)).

Plaintiff bases both of these claims on Defendant's alleged wrongful foreclosure, but she fails to allege any facts showing how she has superior title to the property. Instead, in her response to Defendant's motion to dismiss, while acknowledging that "Plaintiff must base her action on the strength of her own title," Plaintiff apparently seeks to shift the burden to Defendant to "state that Plaintiff is not the title owner, that she does not have chain of title, and ... that Defendant is a party in interest to this suit." Dkt. No. 28 at 23. But Plaintiff is the party seeking to press these causes of actions, and she has not "allege[d] facts which, if proved, would establish [her] superior title; nor do[es she] allege that [she is] current on [her] mortgage payments." *Reynolds v. Bank of Am., N.A.*, No. 3:12-cv-1420-L, 2013 WL 796730, at *7 (N.D. Tex. Mar. 5, 2013). Worse, she resorts to attacking "Defendant's title claim [as] invalid or

unenforceable based on Defendant's wrongful foreclosure." Dkt. No. 28 at 23.

These claims therefore fail as a matter of law and should be dismissed with prejudice. *See Reynolds*, 2013 WL 796730, at *7, *10; *Summers v. PennyMac Corp.*, No. 3:12-cv-1235-L, 2012 WL 5944943, at *3 (N.D. Tex. Nov. 28, 2012). Likewise, to the extent Plaintiff intended to allege slander of title, *see* Dkt. No. 22 at 14, any such claim fails as a matter of law because Plaintiff has not alleged that Defendant made a false and malicious statement in disparagement of Plaintiff's title to property that causes special damages, including the loss of a specific sale. *See Roubinek v. Select Portfolio Servicing Inc.*, No. 3:11-cv-3481-D, 2012 WL 2358560, at *5 (N.D. Tex. June 21, 2012).

## X.

Plaintiff's wrongful foreclosure claim should be dismissed with prejudice.

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citing 30 Tex. Jur. 3d *Deeds of Trusts and Mortgages* 177 (1998)). "Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, NA*, No. 3:11-cv-972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975)). "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.

App. – Corpus Christi 2009, no pet.). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

Plaintiff pleads that Defendant wrongfully foreclosed on the property and that the foreclosure sale was not commercially reasonable. Dkt. No. 22 at 6, 15. In her response to the motion to dismiss, she points to allegations that she did not receive the required notices under the Deed of Trust as a procedural defect in the foreclosure sale proceedings. However, she fails to allege how the sales price of $54,089.41, which is the amount she alleges was due on the Note at the time she sought a modification, was a grossly inadequate selling price or how her failure to receive notices under the deed of trust resulted in an inadequate selling price. *See Lamb v. Wells Fargo Bank, N.A.*, No. 3:12-cv-680-L, 2012 WL 1888152, at *5 (N.D. Tex. May 24, 2012); *Hurd*, 880 F. Supp. 2d at 766. Plaintiff therefore has failed to state a claim for wrongful foreclosure under Texas law. *See Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011).

## XI.

Plaintiff seeks a declaratory judgment for construction of the written instruments made the basis of her suit and the Plaintiff as the owner of the title of the Property. *See* Dkt. No. 22 at 9, 16. Plaintiff's requests for declaratory relief should be dismissed without prejudice.

Federal "district courts cannot award relief pursuant to the Texas Declaratory Judgment Act ('TDJA') because declaratory judgment is procedural, not substantive,

and federal courts apply their own procedural rules." *Falk v. Wells Fargo Bank*, No. 3:09-cv-678-B, 2011 WL 3702666, at *4 (N.D. Tex. Aug. 19, 2011) (citing *Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1988) (internal quotation marks omitted)). Because this action was removed from state court, "the action may be construed as one brought under the federal Declaratory Judgment Act." *Hurd,* 880 F. Supp. 2d at 769. The federal Declaratory Judgment Act ("FDJA") allows a federal court to declare the rights and legal relations of an interest party. 28 U.S.C. §§ 2201-2202; *Hurd*, 880 F. Supp. 2d at 769. The availability of a declaratory judgment, however, "presupposes the existence of a judicially remedial right." *Schilling v. Rogers,* 363 U.S. 666, 677 (1960). Like the TDJA, the FDJA is a procedural device that creates no substantive rights. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). Consequently, the FDJA provides no relief unless there is a justiciable controversy between the parties. *See id.* And, further, a request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *Naddour v. Nationstar Mortg., LLC*, No. 3:11-cv-1096-B, 2012 WL 4473127, at *7 (N.D. Tex. Sept. 27, 2012).

Here, Plaintiff asserts that her request for a declaratory judgment is based on her claims for negligent misrepresentation, fraud/fraudulent inducement, negligence, unjust enrichment, and promissory estoppel. *See* Dkt. No. 28 at 26. But, for various reasons, the undersigned has recommended those claims be dismissed with or without prejudice. Accordingly, based on the undersigned's recommendation, there is no such viable cause of action to which a declaratory judgment could attach as a remedy, and Plaintiff's request should be dismissed without prejudice to her repleading her requests

as a remedy in connection with any viable cause of action that she may, consistent with the Court's order on the instant motion to dismiss, be able to replead.

XII.

Plaintiff also alleges that Defendant is not the legal owner and holder of the Note and Deed of Trust and that it did not have standing to foreclose or possession of the Property. *See* Dkt. No. 22 at 14. Even though these claims are conclusory and not supported by fact, Defendant does not challenge them in its Motion to Dismiss; therefore, they will not be addressed here.

However, Plaintiff also seeks reformation of the Note and Deed of Trust to the modified reduced payment term of $851 per month and a declaration that the parties did not intend to go forward with the foreclosure. Defendant argues that this request fails because reformation depends on a mutual mistake between the contracting parties that requires correct, and Plaintiff has not alleged any such mistake. *See Cherokee Water Co. v. Forderhause*, 741 S.W.2d 377, 379 (Tex. 1987). The undersigned agrees. Indeed, Plaintiff seeks to change the terms of the Note and Deed of Trust to match terms of the Second Modification, which Plaintiff has alleged that Defendant never intended to grant to Plaintiff. *See* Dkt. No. 22 at 10, 16. Under Texas law, "reformation requires (1) an original agreement and (2) a mutual mistake that occurred when reducing this agreement to writing," *Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 408 (5th Cir. 2012), but, as Defendant argues, Plaintiff's allegations sound in a disagreement between the parties, not in a mistake by the parties in drafting the terms of the original Note and Deed of Trust. Plaintiff's

request for reformation therefore fails as a matter of law and should be dismissed.

## Recommendation

Defendant's Motion to Dismiss [Dkt. No. 26] should be granted in part and denied in part. Plaintiff's claim for breach of contract based on breach of the Deed of Trust should not be dismissed. Plaintiff's fraud/fraudulent inducement claim and her request for declaratory judgment should be dismissed without prejudice. Plaintiff's claims for breach of contract based on a promise to modify, promissory estoppel, negligence, negligent misrepresentation, DTPA violations, quantum meruit/unjust enrichment, trespass to personalty, suit to quiet title, trespass to try title, slander of title, and wrongful foreclosure and her request for reformation should be dismissed with prejudice. As to Plaintiff's claims that should be dismissed without prejudice, the Court should grant Plaintiffs 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint and should order that, if Plaintiffs fail to do so and to amend her claims consistent with these findings, the claims will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 26, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE