IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ROSE MARY MILLER,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:11-CV-2786-L** |
| § | |
| **CITIMORTGAGE, INC.,** § | |
| § | |
| Defendant. § | |

# ORDER

Before the court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss"), filed on January 17, 2013 [Dkt. No. 26]. The case was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on April 26, 2013 [Dkt. No. 35], recommending that the Motion to Dismiss be granted in part and denied in part. Plaintiff Rose Mary Miller timely filed objections to the Report on May 10, 2013 [Dkt. 36]. Defendant responded to Plaintiff's objections on May 24, 2013 [Dkt. 39].

This action was removed to federal court on October 18, 2011. Plaintiff asserts multiple claims: breach of contract, negligent misrepresentation, fraud/fraudulent inducement, violations of the Deceptive Trade Practices Act ("DTPA"), negligence, promissory estoppel, unjust enrichment/quantum meruit, trespass to personalty, suit to quiet title, trespass to try title, slander of title, and wrongful foreclosure. Plaintiff seeks declaratory judgment. Plaintiff also claims that Defendant is not the legal owner and holder of (1) the promissory note ("Note") entered into by both parties and (2) the deed of trust that secured the promissory note ("Deed of Trust"). Plaintiff states

that Defendant did not have standing to foreclose or possession of the home that Plaintiff purchased in Fort Worth, Texas. Finally, Plaintiff seeks reformation of the Note and Deed of Trust to a modified reduced payment term and a declaration that the parties did not intend to go forward with the foreclosure. Defendant filed its Motion to Dismiss on January 17, 2013. The magistrate judge determined that the Motion to Dismiss should be granted in part and denied in part. Plaintiff objects to seven conclusions within the Report. The court overrules all seven objections.

Plaintiff first objects to the conclusion that she has not alleged facts that are sufficient to plead a claim for breach of a promise to modify the mortgage. The court agrees with the magistrate judge that the statute of frauds bars Plaintiff's claim that Defendant breached its promise to modify. The modification paperwork that was submitted by Plaintiff and then approved by Defendant does not constitute an enforceable contract. The court therefore **overrules** this objection.

Second, Plaintiff objects to the conclusion that her promissory estoppel claim as it relates to the second modification should be dismissed with prejudice. The court agrees with the magistrate judge that there are essentially no allegations that Defendant promised to sign an existing written agreement to modify, which is necessary in proving a promissory estoppel claim. In Plaintiff's Response and Objections to the Findings, Conclusions, and Recommendations of the Magistrate Judge, Plaintiff states that she "believed there was a written agreement in existence that both parties would sign"; however, her Amended Complaint only cites to "paperwork" as it related to the first modification and then states that Defendant "never followed up with paperwork" for the second modification. Pl.'s Am. Compl. 3, 5. There are no allegations that a legally enforceable contract was either in effect nor are there allegations that a contract was already in existence. The court therefore **overrules** this objection.

Third, Plaintiff objects to the conclusion that Defendant owed no duty to Plaintiff. As the magistrate judge explains, there is not ordinarily a duty of good faith involved with the relationship between a mortgagor and mortgagee. Plaintiff argues that regardless of a special relationship, Defendant still has a duty to exercise reasonable care. The problem, however, is that Plaintiff does not set forth any allegations that would support a negligent claim separate from her negligent misrepresentation claim. The court therefore **overrules** this objection.

Fourth, Plaintiff objects to the recommendation that Plaintiff's claim for negligent misrepresentation should be dismissed with prejudice. The court agrees with the magistrate judge that, since the negligent misrepresentation and fraud claims are the same, a heightened pleading requirement applies. *See Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F. 3d 719, 723 (5th Cir. 2003). Regardless of whether Plaintiff met the pleading requirement or complied with the statute of frauds, Plaintiff's claim for negligent misrepresentation should be dismissed with prejudice because of the economic loss rule. The damages that Plaintiff seeks as a result of the alleged misrepresentations, such as the modified mortgage payments and the money spent on mortgage service assistance, are economic damages that are recoverable under Plaintiff's breach of contract claim. Additionally, as the magistrate judge notes, claims involving mental anguish cannot allow Plaintiff to subvert the effect of the economic loss rule. The court therefore **overrules** this objection.

Fifth, Plaintiff objects to the magistrate judge's recommendation that Plaintiff's claim for quantum meruit should be dismissed with prejudice. The court agrees with the magistrate judge that Plaintiff did not provide a benefit to Defendant that Defendant was not already entitled to receive. Plaintiff is seemingly confused about what occurs during foreclosure status. Even if Plaintiff was deemed to be in foreclosure status, Defendant is still entitled to Plaintiff's mortgage payments.

Additionally, Defendant is entitled to these payments regardless of whether the modification was valid. The court therefore **overrules** this objection.

Sixth, Plaintiff objects to the conclusion that its fraud/fraudulent inducement claim should be dismissed without prejudice. Because of the heightened pleading requirement for fraudulent inducement claims, the court agrees with the magistrate judge's recommendation to provide Plaintiff with 21 days to cure her deficiencies. Additional details are needed regarding the content of the specific statements that were made, the date when the statements were made, and the location of where the statements were made. The court therefore **overrules** this objection and allows Plaintiff 21 days to replead and provide the particularity of details to meet the Rule 9b heightened pleading requirement.

Finally, Plaintiff objects to the magistrate judge's recommendation to dismiss Plaintiff's request for declaratory judgment without prejudice. Given that the request for declaratory judgment is based on the claims of negligent misrepresentation, fraud/fraudulent inducement, negligence, quantum meruit, and promissory estoppel, and given that the court has established that these claims should be dismissed, the court **overrules** this objection. The court, however, still provides Plaintiff 21 days to provide the level of specificity for the fraudulent inducement claim which then may affect the availability of a declaratory judgment.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, Defendant's Motion to Dismiss is **granted in part** and **denied in part** as herein stated. Plaintiff is allowed 21 days from the date of this order to file an amended pleading regarding Rule 9b's heightened pleading standard.

**It is so ordered** this 5th day of September, 2013.

                                                   _____
                                                   Sam A. Lindsay
                                                   United States District Judge